RICHARD LIU (SBN 308050)
richard.liu@consultils.com
JIAYING CHEN (SBN 350442)
neo.chen@consultils.com
Innovative Legal Services, P.C.
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel: (626) 344-8949

*Attorneys for Plaintiff*
*Cainiao Supply Chain US. Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cainiao Supply Chain US. Inc., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Huan Guo, an individual, Yini Huang, an individual, Huazhong Ning, an individual, EGO International Trade Corp., a Kentucky corporation, Gogo Real Estate LLC., a Kentucky company, and DOES 1-100,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>1. CONVERSION<br>2. THEFT AND MISAPPROPRIATION UNDER CALIFORNIA PENAL CODE § 496(c)<br>3. UNJUST ENRICHMENT<br>4. BREACH OF FIDUCIARY DUTY<br>5. AIDING AND ABETTING BREACH OF FIDUCIARY DUTY<br>6. BREACH OF EMPLOYMENT CONTRACT<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff Cainiao Supply Chain US. Inc. ("Plaintiff", "Cainiao", or the "Company") by and through its undersigned counsel, alleges as follows:

## SYNOPSIS

2. This case is about two employees, acting in conspiracy with several other individuals, and stealing a large amount of Company goods from the Company warehouse.

3. Cainiao hired Defendant Huan Guo ("Defendant Guo") and Defendant Huazhong Ning ("Defendant Ning") to manage the daily operation at the Company's warehouses. Their job responsibilities included, among others, supervising package shipments.

4. During the course of their employment, Defendants Guo and Ning, assisted by Guo's wife Defendant Yini Huang ("Defendant Huang"), established two shell entities, namely EGO International Trade Corp. ("EGO") and Gogo Real Estate LLC ("Gogo Real Estate") (Guo, Ning, Huang, EGO, and Gogo Real Estate are collectively referred to as "Defendants").

5. During the same period, Defendants managed to steal approximately more than three million pounds of packages ("Stolen Packages") belonging to the Company and the Company's customers.

6. During the same period, Defendants moved the Stolen Packages out of the Company warehouses without Company consent or knowledge, forged business record, and sold the Stolen Packages to third parties for a profit. Investigation is ongoing.

## PARTIES

7. Plaintiff Cainiao is a California corporation. It engages in logistics transportation and warehousing business across the U.S. Cainiao's fundamental mission is to provide the most efficient logistics, transportation and warehousing

INNOVATIVE LEGAL SERVICES, P.C.
355 S Grand Ave, Suite 2450
Los Angeles, CA. 90071
Tel.: (626)344-8949

1 services to its clients. Over the years, Cainiao has earned a stellar reputation in the industry and become a global leader in e-commerce logistics. Cainiao has substantially invested in multiple states in the U.S., especially in California, and continues to grow its business and create hundreds of job opportunities every year.

8. Defendant Guo is a full-time employee of Cainiao since June 9, 2022, in charge of managing and supervising several of Cainiao's warehouses, including the California warehouse. Part of Defendant Guo's job duties include monitoring warehouse inventories and executing Cainiao's instructions regarding return goods, and the destruction of certain packages and merchandise stored in the Company warehouses.

9. Defendant Guo and Defendant Huang are married husband and wife. Based on information and belief, Defendant Huang is the co-conspirator in Defendants Guo and Ning's scheme to steal from the Company. Based on information and belief, both Defendants Guo and Huang are registered residents of the State of Kentucky during all relevant times.

10. Defendant Ning is a warehouse manager of Cainiao, in charge of managing Cainiao's New Jersey warehouse's daily operation. Ning directly reports to Guo. Based on information and belief, Defendant Ning is a registered resident of the State of Georgia during all relevant times.

11. Defendant EGO International Trade Corp. is a Kentucky corporation with a principal address at 10686 War Admiral Dr., Union, KY 41091. EGO, through its agents and through illegal means, moved the Stolen Packages out of the Company's warehouse in California, and then sold the Stolen Packages to third parties in exchange for monetary gains. EGO is owned and controlled by Defendant Huang.

12. Defendant Gogo Real Estate is a Kentucky company with the same principal address as EGO. Gogo Real Estate is jointly owned and controlled by Defendants Guo and Huang as their alter ego. Specifically, after selling the Stolen

Packages, Defendants Guo and Huang would quickly transfer the money into the accounts of Gogo Real Estate, and then use that money to purchase real estate properties. In some other cases, they bought real properties first with the illegal gains, and then transfer the real estate titles to Gogo Real Estate to shield their personal liability. Based on information and belief, Gogo Real Estate is a shell company that engages in no business, serving solely as the conduit for Defendants Guo and Huang to receive the ill-gotten money and "protect" the properties they bought with their illegal gains.

13. Plaintiff's investigation regarding Defendants' scheme is ongoing. At this stage, Plaintiff is ignorant of the true names and capacities of the other persons sued as Does 1 through 100 and therefore sues these persons by such fictitious names. Plaintiff is informed and believes that each of these fictitiously named persons is responsible in some manner for the acts and omissions herein alleged. Plaintiff will amend this Complaint to allege their true name and capacities when ascertained.

14. The amount of damages Cainiao has suffered are in the millions. Investigation is ongoing.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the complete diversity of parties exists and the amount in controversy exceeds $75,000, exclusive of interests and costs.

16. This Court has personal jurisdiction over Defendant Guo because Defendant Guo stole the Company properties that were physically located in the Company's California warehouse. Defendant Guo, for a period of time, worked in one of Cainiao's California warehouses as the general manager. In addition, Guo has also purposefully availed himself to the State of California by being in San Bernardino County when served.

17. This Court has personal jurisdiction over Defendant Ning because Defendant Ning, together with other Defendants, stole Company properties from the Company's warehouse in California. Defendant Ning, for a period of time, worked in one of Cainiao's California warehouses handling the deposition of returned goods. Ning has also purposefully availed himself to the State of California by being in San Bernardino County when served.

18. This Court has personal jurisdiction over Defendant EGO International Trade Corp. because EGO conducts business in the State of California and stole the Company's properties that are based in the state of California.

19. This Court has personal jurisdiction over Defendant Huang because Defendant Huang facilitated Defendants Guo and Ning in moving the Stolen Packages out of the Company's warehouses in California.

20. This Court also has personal jurisdiction over Defendants Gogo Real Estate LLC because Defendant Guo, Huang, EGO and Gogo Real Estate are alter egos in that Guo and Huang used EGO's corporate funds to purchase real estate properties. It would be inequitable to treat Defendants Gogo Real Estate, Guo and Huang separately because the purpose of establishing Gogo Real Estate was to receive proceeds of Defendants' illegal conduct.

21. Venue is proper in this action because Defendants Guo and Ning are physically served in the County of San Bernardino, State of California.

22. Venue is also proper because the majority of the illegal conduct was committed in the County of San Bernardino, State of California.

## FACTS

23. Cainiao conducts logistics transportation for its clients across the world and maintains several warehouse locations throughout the U.S., including in the state of California.

24. On June 9, 2022, Cainiao hired Defendant Huan Guo as a Logistics Advisor. As a Logistics Advisor, Guo is tasked to supervise the operations of several Cainiao warehouses, including but not limited to, monitoring warehouse inventories, managing shipments, and handling non-deliverable packages according to the Company's instructions. A true and accurate copy of the Offer of Employment ("Employment Contract") is attached as **Exhibit 1**.

25. Cainiao also hired Defendant Ning as a warehouse manager, in charge of Cainiao New Jersey warehouse's daily operations. Ning directly reports to Guo.

26. In order to reduce the storage cost and improve warehouse fulfillment efficiency, Cainiao engaged vendors and contractors to properly and timely destroy obsolete and hazardous packages that were stored in the warehouses. Due to the nature of certain packages and to protect customers' confidentiality, and also based upon customers' requests, such vendors and contractors were specifically instructed that the packages **cannot** be resold in the consumer market. In fact, reselling such obsolete and hazardous packages, or returned goods, would endanger the safety of consumers, damages clients' reputations, lead to litigation lawsuits over product liability, incur legal risks for Cainiao, and an array of other serious consequences.

27. On a regular basis, Cainiao would assemble the packages in pallets and have such vendors and contractors to pick them up from its California warehouse. Such vendors and contractors then were usually required to appropriately destroy the packages according to applicable laws and regulations. It was Defendants Guo and Ning's job duties to make sure that the process would be in compliance of the laws, regulations, Cainiao's internal policies and standard operations, and most importantly, Cainiao clients' requests, and act for the benefit of Cainiao.

28. However, unbeknownst to Cainiao, Guo, Huang, and Ning, ignored customers' requests and in violation of Cainiao's policies and standard procedures,

engaged EGO to handle the return, abandoned, and no-record goods. Based on public records, EGO was solely owned by Defendant Guo's wife Defendant Huang. Defendant Guo engaged in self-dealing by contracting with his wife's company. Such misconduct was also in violation of Cainiao's company policies and Defendant Guo's declaration as to conflict of interest. A true and accurate copy of EGO's Annual Report is attached as **Exhibit 2**.

29. More egregiously, instead of destroying the packages, Defendants Guo, Ning and Huang, acting in conspiracy, moved the Stolen Packages out of the Company warehouses without Cainiao's consent, forged business record that the packages were to be purged, but then sold the Stolen Properties to a number of shops for monetary gain in the millions.

30. For example, on March 25, 2023, Defendants sold two loads of mixed merchandise packages received from Cainiao for a total of $29,000, to a California shop named "Lucky Deals," a retail company with a physical address of 73 N Milliken, Ste. D, Ontario, CA 91764.

31. Over the course of Guo and Ning's employment with Cainiao, Defendants stole thousands of pallets of packages, approximately 3,814,000 pounds, from Cainiao.

32. Based upon information and belief, Defendants also embezzled and misused Cainiao's warehouses for their own businesses. At one point, Defendants occupied Cainiao's warehouse space and stored more than 700 pallets in running their illegal business.

33. By stealing the packages Cainiao entrusted to Defendants, and conducting self-dealings, Defendants breached employment agreements with Cainiao where they explicitly agreed, among other things, as follows:

> "[Guo] shall use [his] best endeavors to carry out [his] duties under [the Employment Contract] to protect, promote and act in the best interest of the Company and Group."
> Employment Contract, Sections § 1.2

"During the term of this Agreement, [Guo has] a duty of loyalty and fiduciary duty to the Company and Group."
Employment Contract Section § 9.2

34. In addition, by stealing thousands of pounds of company property, Defendants Guo and Ning, who were both high-level management employees, also breached their fiduciary duties owed to Cainiao.

## COUNT I – CONVERSION

### (Against All Defendants)

35. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

36. Plaintiff had a right to possess the Stolen Packages and had the right and duty to properly dispose of the Stolen Packages.

37. Each and every member of Defendants acted in concert, intentionally and substantially interfered with Plaintiff's property by taking possession of the Stolen Packages and selling them for their own profits.

38. Plaintiff did not consent to Defendants stealing the packages.

39. Plaintiff has suffered substantial and continuous damages as a direct result of Defendants' illegal conduct at an amount to be proven at trial.

## COUNT II- THEFT AND MISAPPROPRIATION UNDER CA PENAL CODE § 496(c)

### (Against All Defendants)

40. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

41. Defendants' illegal conduct as described above has violated California Penal Code Section 496(a) and (b).

42. Pursuant to Section 496(c), any person who has been injured by a violation of Section 496(a) or (b) may bring an action for triple damages, costs of suit, and reasonable attorney's fees.

43. Plaintiff hereby seeks triple damages, costs of suit, and reasonable attorney's fees as provided by Section 496(c).

## COUNT III – UNJUST ENRICHMENT
### (Against All Defendants)

44. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

45. Defendants are unjustly enriched by Defendants' illegal conduct and described above.

46. Defendants have received a benefit that they otherwise would not have received.

47. Plaintiff has suffered damages as a direct result of Defendants' illegal conduct at an amount to be proven at trial.

## COUNT IV – BREACH OF FIDUCIARY DUTY
### (Against Defendants Guo and Ning)

48. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

49. Plaintiff hired Defendants Guo as a general manager, and Ning as a warehouse manager, in charge of warehousing operation management. Such managerial positions are the highest-ranking positions in charge of all operations of the Company's warehouses.

50. As officers of the company, Defendants Guo and Ning owed a fiduciary duty to Cainiao to act with the utmost good faith for the benefit of Cainiao.

51. Defendants' Employment Contract also provides that during the term of the Agreement, Defendants have a fiduciary duty to the Company.

52. Cainiao has also entrusted its operations, and more importantly, hundreds of thousands of customers, clients, vendors, contractors, and business

partners' packages and goods with Defendant Guo and Ning during daily business activities.

53. Cainiao trusted that in performing job duties, Defendants Guo and Ning would exercise their discretion for the best interest of the company.

54. Despite such duties, Defendant Guo caused his own Company (owned by his wife) to become the vendor for the Company to do business with the Company.

55. Despite such duties, Defendants Guo and Ning stole packages from the Company and sold for their personal gain. Defendants also embezzled and misused other company assets to achieve illegal benefits.

56. Defendants Guo and Ning breached their fiduciary duties owed to Cainiao.

57. Defendants' illegal conduct caused damages to Plaintiff at an amount to be proven at trial.

## COUNT VI – AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY

**(Against Defendants Huang, EGO and Gogo Real Estate)**

58. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

59. Defendant Huang and her alter ego entities had actual knowledge that Defendants Guo and Ning owed and breached fiduciary duties to Cainiao by stealing company properties.

60. However, Defendant Huang and her alter ego entities knowingly and substantially assisted Defendants Guo and Ning in executing and completing their stealing scheme.

61. Plaintiff has been damaged as the result of Defendants' illegal conduct in the amount to be proven at trial.

## COUNT VI – BREACH OF EMPLOYMENT CONTRACT

**(Against Defendants Guo and Ning)**

62. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

63. Plaintiff and Defendants Guo and Ning entered into valid and enforceable employment agreements. The employment contracts require that Defendants Guo and Ning carry out their job responsibilities promptly and diligently for the best interest of Plaintiff. The employment contracts continue in full force during all relevant times.

64. In exchange, Plaintiff provides monthly salaries and employee benefits to Defendants Guo and Ning. Plaintiff has been providing such monthly salary and benefits to Defendants Guo and Ning consistently during all relevant times.

65. Defendants Guo and Ning had duties under the employment contracts to (1) act with integrity and refrain from stealing, (2) to ensure the safety of the company's assets entrusted to them, (3) honestly and faithfully follow and execute Plaintiff's instructions, and act in the best interest of the Plaintiff.

66. Instead, Defendants Guo and Ning had violated the trust bestowed upon them, breaching the employment contracts and the duties described above by stealing more than 3,814,000 pounds of packages from Cainiao. Plaintiff's investigation relating to the Defendants' stealing is ongoing.

67. Plaintiff has been damaged as the result of Defendants' illegal conduct in the amount to be proven at trial.

## **PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

1. Entry of judgment in favor of Plaintiff and against Defendants on all counts;

2.   An order compelling Defendants to account for and pay to Plaintiff all gains, profits, and savings derived from their illegal conduct;

3.   An order compelling Defendants to pay to Plaintiff the damages sustained by Plaintiff as the result of Defendants' illegal conduct;

4.   An order compelling Defendants to pay punitive damages and triple damages and attorneys' fees as authorized by law, including those permitted under California Penal Code § 496(c);

5.   An order compelling Defendants to pay pre-judgment and post-judgment interest at the maximum legal rate, as well as court costs;

6.   An order compelling Defendants to pay additional punitive damages as awarded by a jury;

7.   An order compelling such other relief as the Court deems just and equitable.

DATED:  November 15, 2023       INNOVATIVE LEGAL SERVICES, P.C.

By: _____

Richard Liu
Jiaying Chen
*Attorneys for Plaintiff*
*Cainiao Supply Chain US. Inc.*

INNOVATIVE LEGAL SERVICES, P.C.
355 S Grand Ave, Suite 2450
Los Angeles, CA. 90071
Tel.: (626)344-8949